CASE 30.—PERSONAL INJURY ACTION BY ASA PRESTON, BY NEXT FRIEND, AGAINST THE NORTH-EAST COAL COMPANY.—March 5.

# North-East Coal Co. v. Preston

Appeal from Johnson Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiff, defendant appeals—Affirmed.

1. Master and Servant—Fellow Servants—Extent of Doctrine.— The fellow servant doctrine obtains only among servants of equal grade or whose work is the same or of similar kind and in the common employment, and where an adult miner was placed over two boys working in a mine, controlled the manner and place of their work, gave them orders, and to whom they looked for directions in all details of their work, the boys were not fellow servants of the man.

2. Master and Servant—Assumption of Risk—Acts of Fellow Servant.—The negligence of one's fellow servant is one of the assumed risks of employment.

3. Master and Servant—Assumption of Risks—Inexperienced Servant—Unknown Risks.—Where a 15 year old boy, whose mining experience was limited to a month or so of work as a trapper or driver, was put to work in a mine driving an air-course entry, without knowledge as to the nature of the work or of mining coal, or as to whose duty it was to shore up the roof or of what danger lay in not properly propping it, or that he was expected to look to the care of his fellows of the same grade in the matter, and the master failed to instruct him as to the nature of the work and to warn him of its dangers, the servant did not assume the risks, even that arising from the negligence of fellow servants.

VAUGHAN, HOWES & HOWES and HAGER & STEWART for appellant.

North-East Coal Co. v. Preston.

## POINTS AND AUTHORITIES.

1. While actually engaged in taking out coal and moving the natural props of the roof, it was their duty, and not that of the company, to look out for the safety of the roof, and to prop same. Only for its failure to furnish timber, can the company be held to have breached a duty to either. (A. C. & I. Ry. Co. v. Wallace, 101 Ky. 626; Ky. Stats. 2732.)

2. The doctrine of master's duty to furnish safe place, inapplicable, or at least modified by the nature of the work being done at the time. (Finlayson v. Utica Mining, &c. Co., 507; Kellyville Coal Co. v. Brugas, 223 Ill. 595, 79 N. E. 309; Big Hill Coal Co. v. Abney's Admr., 101 S. W. 397.) Hence, instructions 1 and 2 were erroneous and prejudicial.

3. The proximate cause of the injury was the negligence, if negligence there was, of plaintiff and his fellow servant, Castle. (Big Hill Coal Co. v. Abney's Admr., 101 S. W. 397; White's Mine and Mining Remedies 452-488; C. & O. Ry. Co. v. Volz, 95 Ky. pages 190, 191; Edmunson v. K. C. R. R. Co., 105 Ky. 479.)

4. The infancy of Asa Préston does not exempt him from the application of the fellow servant doctrine. (White's Personal Injuries in Mines, 516; Dresser Emp. Liab., 89, p. 400, and cases cited; King v. Boston & W. R. Corp., 9 Bush (Mass.) 112; P. C. St. L. R. R. Co. v. Adams, 105 Ind. 151; For analogies see— L. & N. R. Co. v. Webb, 99 Ky. 332; Monahan v. R. Co., 117 Ky. 771; K. C. R. R. Co. v. Gastineau, 83 Ky. 119; L. & N. v. Hogsdon, Admr., 118 Ky. 600; Swartswood's Guardian v. L. & N., 111 S. W. 305; Whart. Neg., 201; White's Personal Injuries in Mines, 526.)

5. Even if the minority of Asa Preston is to be considered on the question of risks assumed, the company was entitled to have its theory of the case presented by instructions to the jury, and if instructions offered were defective in form or substance the court should have given proper instruction covering this point of defense. (Ill. Central R. R. v. Jackson, 23 Ky. Law Rep. 1405; Nicola Bros. v. Hurst, 28 Ky. Law Rep. 87; L. & N. R. R. Co. v. Harrod, 115 Ky. 115.)

C. B. WHEELER for appellee.

We submit that the condition of the appellee's mind now, is such that no sane man would consider for a moment the question of permitting him to work in such a dangerous place and at such dangerous work as taking out coal and slate from an entry in a coal mine, and if his mind was in this condition when appel-

lant permitted him to work in its mine, it was guilty of not only actionable negligence but of criminal assault, so we conclude that the condition was brought about by the injury as the most favorable conclusion to the company that can be reached which position the company does not attempt to deny, consequently we say that the verdict instead of being too high is very much too low for the injury sustained, but of this verdict neither party is complaining in this court, and we therefore ask an affirmance.

### AUTHORITIES CITED.

St. Banard Coal Company v. Southard, 76 S. W. 167; Chess & Wymond Company v. Cohagan, 105 S. ˙. 890; Beckwith Organ Company v. Malone, 106 S. W. 809; Henderson Cotton Mills v. Warren, 70 S. W. 658; Owensboro Brick & Pipe Company v. Glenn, 106 S. W. 1195.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Asa Preston, a boy 15 years old, and his brother, 12 or 13 years old, went to work for appellant in its coal mine near Paintsville under a permit issued by the county judge at the earnest insistence of their father, he being unable to work by reason of physical affliction, and being very poor. They were put to work with their brother-in-law, Jim Castle, a miner of some experience. Castle had the job of driving the main air-course entry in appellant's mine. He was to get so much a foot and so much a ton for the free coal saved by him. Out of his wages he paid the boys, who were known as "back-hands." Some question was made whether the boys were in the service of appellant. But they were paid by appellant out of the earnings credited to Castle, and there was evidence, also, that they were engaged to work by an agreement between appellant's superintendent and the boys' father. If they were not in the employ of appellant, it ought not to have suffered them.

in the mine. It cannot escape its duty as a mine-owner and operator by subletting the work to one of superior authority under the guise of an independent contract. But appellant on this appeal concedes that the boys, or rather that Asa, whose case is the only one we have here, is to be treated as a servant of appellant. On the day that Asa went to work at this particular job, which was on Monday in July, 1907, he and his brother were set to work by Castle at tamping a hole in which a blast had been placed preparatory to shooting down some of the face of the entry which he was driving. Castle was then doing something some distance away. The entry was about 16 feet wide, 5½ to 6 feet high, and had not been propped for about 30 feet back from the place where the boys were at work. All at once, and without warning to them, a large slab of the slate roof fell from over their heads, catching the boys beneath it, killing the younger, and fearfully mangling and disabling the other. This suit by Asa, suing by his next friend, alleging negligence in the employer in failing to furnish him a reasonably safe place to work, or to instruct him as to the dangers and duties of his work, resulted in a verdict for a moderate sum as damages. The company prosecutes this appeal to obtain a reversal of the judgment upon the verdict, upon the grounds, first, that the defendant was entitled to a peremptory instruction because the proof failed to show that it was negligent either in not furnishing sufficient props to the miners Jim Castle and Asa Preston, or in failing to see that the roof was propped as it should have been; second, that the proximate cause of the injury was the negligence either of Asa Preston or of Jim Castle, who appellant claims were fellow servants.

The proof was that the roof was not propped at the point where the slate fell; nor were enough suitable timbers furnished at the place where these miners were at work to enable them to prop it. There was evidence on behalf of appellant that the custom at this mine was for the appellant to furnish the props at the entrance of the mine, and the miners were to bring them in as they needed them. There was also evidence that there were props furnished and placed on the outside, and it is argued that, if Castle and appellee Preston failed to bring them in and use them, it was their own negligence. It may be conceded that, in the absence of some regulation by statute, it would be competent for the mineowner and the miners to regulate by agreement or custom of the mine the matter of bringing in and setting up the props, and as to the miners who entered into such an agreement, or were aware of the custom, the failure to bring in and set up the props might be their own neglect. But as to an inexperienced youth who was not shown to have agreed to such an arrangement, or to have been aware of such custom, and of the danger from neglecting its performance, the rule ought not to apply for the reasons assigned below on the subject of assumed risk. Furthermore, we think the appellee was working under Castle, and not with him. Castle was put over these other hands. He controlled the manner and places of their work. He and they were in fact not on an equal footing of authority. He was their superior, from whom they took orders, and to whom they looked for direction in all details of their work. As to these boys, Castle stood in the place of their common employer, and for the latter exercised its care and discharged its duty as to seeing that they had a reasonably safe

place in which to work.   Let it be conceded that
Castle was obliged to look after the safety of the
roof where he was at work, and that the very nature
of his work necessarily every minute made and
changed the condition of his place of work, making
that unsafe which a moment before was safe, and
safe in any event only when he himself made it safe,
still if in that he was, as to these boys, discharging
a master's duty of providing his servants a safe
place in which to work, his negligence in the matter
is to be imputed to the master, and not to his inferiors.

The second ground assigned for reversal is really
an extension of the first, and is decided by it.   The
fellow-servant doctrine obtains only among those of
equal grade or whose work is the same or similar
kind, and in the common employment.   The negli-
gence of one's fellow servant is an assumed risk,
growing out of the supposed agreement of the laborer
with his employer to assume all risks that are inci-
dental to the work to be engaged in after the master
has performed his primary duties in the premises.
If appellee was a fellow servant of Castle, the lat-
ter's negligence in failing to shore up the roof where
they were at work would be under the fellow-servant
doctrine, obtaining in this state, an assumed risk, pro-
vided the master had discharged his primary duties
in the particular matter.   But we are relieved from
pursuing this inquiry further in this case because
we find that appellee and Castle were not fellow serv-
ants.   In addition, the master had not confessedly
discharged its primary duty toward appellee, in that
it failed to instruct him as to the nature of his work,
and to warn him as to its dangers and risks.   The
master gave him no instructions or warnings.   It
must be remembered he was only a child.   His ex-

perience about mines was limited to a month or so
of work as a trapper or driver. It was not shown
that he had any knowledge of the nature of the work
of driving an air-course entry, or of mining coal, or
that he knew whose duty it was to shore up the
roof, or what danger lay in not propping it promptly
and amply, or that he was expected to look to the
care of his fellows of the same grade in the matter.
Respecting the master's duty to instruct immature
and ignorant youths, this court has repeatedly held
that the child assumed no risk with which he is not
acquainted, and the dangers of which he is not made
to comprehend. St. Bernard Coal Co. v. Southard,
76 S. W. (Ky.) 167, 25 Ky. Law Rep. 638; Chess &
Wymond Co. v. Cohagan, 105 S. W. 890, 32 Ky. Law
Rep. 372; Beckwith Organ Co. v. Malone, 106 S. W.
809, 32 Ky. Law Rep. 596; Henderson Cotton Mills
v. Warren, 70 S. W. (Ky.) 658, 24 Ky. Law Rep.
1030; Owensboro B. & P. Co. v. Glenn, 106 S. W.
1195, 32 Ky. Law Rep. 803. The doctrine is conceded
by appellant, but it contends that nevertheless it has
not been held that the inexperienced minor laborer
does not assume the risk of his fellow servant's neg-
ligence. One servant has the right to control or
regulate to some extent the manner of the work of
another of equal grade who is working with him.
He has the opportunity and ability to judge as to
his fitness for the work as to whether he is doing it
properly. But, if he be uninformed as to the correct
manner of doing it, if he does not know the danger
attending its neglect by his fellow so that he himself
could take steps to remove the danger, if he does not
apprehend the consequences of either his own or his
fellow's failure to do what ought to be done, how can
it be said he intelligently assumes the risk of his

fellow servant's negligence, any more than that he assumes any other risk not made known to him?

The points decided dispose necessarily of all other points urged in argument.

The judgment is affirmed, with damages.